IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| DAVIDA DAVIDSON, ) | Case No. 13-04074-TOM-7 |
| ) | |
| Debtor. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the Debtor's (i) Motion to Reopen Case and Motion to Continue in *in forma pauperis*, (ii) Motion to Amend Schedules, and (iii) Motion for Relief From Automatic Stay and Adequate Protection in Chapter 7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A) and (G).[2] This Court has considered the pleadings and the law, and finds and concludes as follows.[3]

## FINDINGS OF FACT

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. §157(b)(2)(A) and (G) provide as follows:

(b)(2)Core proceedings include, but are not limited to–
(A) matters concerning the administration of the estate;
. . .
(G) motions to terminate, annul, or modify the automatic stay[.]

[3] This Memorandum Opinion and Order constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to contested matters in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Bankruptcy Procedure 9014.

This case has previously come before the Court on December 19, 2013, for a hearing on the "Objection to Discharge" filed by creditor Crestwood Condominium Association ("CCA") and the responses to the Objection filed by the Debtor, Davida Davidson. At that hearing this Court overruled the Objection to Discharge pursuant to Bankruptcy Rule 7001, which provides that objections to discharge must be brought by adversary proceeding.[4] Also at the hearing the Court gave Ms. Davidson an opportunity to amend her schedules to include everyone to whom she owed money.[5] Ms. Davidson subsequently filed an "Amendment of Schedule List of Creditors" including only what appears to be her mortgage debt and student loans. An Order Discharging Debtor was entered on December 31, 2013, and the bankruptcy case was closed on January 16, 2014. Ms. Davidson filed the three motions currently before the Court on July 25, 2014.

It appears from the Motion for Relief From Automatic Stay and Adequate Protection in Chapter 7 that Ms. Davidson and CCA are involved in state court litigation, and that Ms. Davidson is requesting this Court to direct that her water service be reconnected and/or prevent it from being disconnected. Handwritten on the bottom of the Motion for Relief is a notation stating "This motion and/or order shall not be considered as a settlement of the parties in case CV-14-317, that is on appeal by Davida Davidson." This Court explained to Ms. Davidson at the December hearing as she

---

[4] CCA filed its "Objection to Discharge" in the Debtor's main bankruptcy case instead of filing a separate adversary proceeding as required by the Federal Rules of Bankruptcy Procedure. According to Bankruptcy Rule 7001, a proceeding to object to a discharge is an adversary proceeding governed by Part VII of the Bankruptcy Rules. Bankruptcy Rule 7003, incorporating Rule 3 of the Federal Rules of Civil Procedure, provides that an adversary proceeding is commenced by filing a complaint.

[5] CCA's Objection to Discharge indicated that the Debtor had listed its debt as an unsecured non-priority claim on Schedule F, and asserted that the debt should have been included as a secured claim on Schedule D by virtue of the statutory and recorded liens that it held. The Court makes no findings as to whether the Debtor had scheduled the debt incorrectly or the resulting impact if the Debtor had scheduled the debt incorrectly.

2

made reference to a Binding Mediated Settlement Agreement[6] entered in a different state court action, that she must go back to state court if she sought clarification or enforcement of the Settlement Agreement. Just as it was necessary for Ms. Davidson to go to state court with issues in the other litigation, it is likewise necessary for Ms. Davidson to ask the state court for any relief relating to the state court litigation that is currently on appeal. This Court does not have jurisdiction to become involved in the state court case or to determine state law issues where, as here, there is no question relating to federal bankruptcy law. Ms. Davidson has received her discharge and this case is closed. Furthermore, there is a need for an end to litigation once a case has been tried and a decision entered. *See In re Baron's Stores, Inc.*, 390 B.R. 734, 741 (Bankr. S.D. Fla. 2008). There is no further action or litigation necessary in this bankruptcy case. The state court has apparently rendered a decision in the litigation and this Court cannot come behind the state court to alter or affect its decision. Therefore, Ms. Davidson's Motion for Relief is due to be denied.

In her two other motions that are now before this Court, Ms. Davidson asks that the Court reopen her bankruptcy case, allow her to amend her schedules to include any amount that she owes CCA, and to waive the fees for reopening the case and amending her schedules. Because Ms. Davidson had not listed her mortgage on her original schedules this Court, at the hearing on CCA's Objection to Discharge, gave Ms. Davidson until noon the following day to file amended schedules to include anyone to whom she owed money. The Court clearly informed Ms. Davidson that she could not pick and choose which creditors to include and instructed that she list all of her creditors

---

[6] Ms. Davidson filed a "Binding Mediated Settlement Agreement" as Exhibit A to her response to the Objection to Discharge filed by CCA. At the hearing Ms. Davidson asserted that CCA was not in compliance with the document. Counsel for CCA represented that Ms. Davidson was not a party to the state court action in which the Binding Mediated Settlement Agreement was filed.

3

on the amended schedules. Ms. Davidson did amend her schedules to add her mortgage and student loan creditors. If Ms. Davidson had creditors who were not listed on the original schedules, such creditors should have been added to her schedules at that time, before the case was closed.[7] However, the question of whether Ms. Davidson should be allowed to again amend her schedules is moot, since the debt to CCA had been included on Schedule F of her original schedules. There is no need to amend the schedules to add them again.[8] Ms. Davidson has not provided a sufficient or valid justification to reopen her bankruptcy case or to waive any related fees; thus the Motion to Reopen Case and Motion to Amend Schedules are both due to be denied.

For the reasons outlined herein, it is hereby

**ORDERED, ADJUDGED, and DECREED** that the Motion to Reopen Case and Motion to Continue in *in forma pauperis* is **DENIED**.

It is further **ORDERED** that the Motion to Amend Schedules is **DENIED**.

It is further **ORDERED** that the Motion for Relief From Automatic Stay and Adequate Protection in Chapter 7 is **DENIED**.

Dated: August 1, 2014

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM/dgm

xc: Davida Davidson, Debtor
     Damon R. Ryals, Attorney for CCA

---

[7] In a no-asset chapter 7 bankruptcy case a debt will be discharged whether or not it was included in the debtor's schedules, unless the debt is otherwise nondischargeable. *In re Coleman*, No. 93-03514 (Bankr. N.D. Ala. Dec. 29, 1995).

[8] CCA asserted in its Objection to Discharge and at the hearing that its debt should have been listed as a secured debt on Schedule D by virtue of its statutory and recorded liens. The objection was overruled because it had not been filed in accordance with Bankruptcy Rule 7001. However, since CCA was listed in the schedules, it has received all notices related to this bankruptcy case.